ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) | |
| CB Portable Toilet Rental and Services | ) ) | ASBCA No. 63449-EAJA |
| Under Contract No. N00189-22-P-0368 | ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Chizoma Onyems
                                                                   President

APPEARANCES FOR THE GOVERNMENT:     Allison M. McDade, Esq.
                                                                      Navy Chief Trial Attorney
                                                                   James Vaiden, Esq.
                                                                      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON APPELLANT'S EQUAL ACCESS TO JUSTICE APPLICATION

Mr. Chizoma Onyems, sole owner of CB Portable Toilet Rental and Services (CB Portable), seeks to recover fees and costs under the Equal Access to Justice Act (EAJA), 5 U.S.C § 504, after CB Portable's appeal was sustained and it was awarded compensation after submissions without a hearing under Board Rule 11. *CB Portable Toilet Rental & Servs.*, ASBCA No. 63449, 23-1 BCA ¶ 38,421 (*CB Portable I*) (entitlement); *CB Portable Toilet Rental & Servs.*, ASBCA No. 63449, 24-1 BCA ¶ 38,664 (*CB Portable II*) (quantum).  Familiarity with these prior decisions is presumed.  Mr. Onyems has not shown he is a prevailing party qualified to submit an EAJA application.  If the application is more properly construed as coming from CB Portable, it is untimely and we lack jurisdiction to entertain it.

BACKGROUND

On May 27, 2022, the Navy awarded Contract No. N00189-22-P-0368 to CB Portable for the pickup, drop off, and service of portable toilets at various locations at Camp LeJeune, North Carolina at a total price of $145,230 (R4, tabs 1 at 1, 9 at 106-12).  The contract's period of performance consisted of five 12-month ordering periods running from June 13, 2022 through June 12, 2023 (R4, tab 9 at 114).  On August 19, 2022, CB Portable submitted a certified claim to the Navy's contracting officer (CO) seeking compensation for 26 categories of alleged costs totaling $398,678.05 (R4, tab 31 at 242, 246, 248-51).  CB Portable submitted an amended claim for an additional $52,449.60 for delay costs it incurred between August 22 and

September 18, 2022 (R4, tab 35). On October 10, 2022, CB Portable submitted a final amended claim seeking costs for four new categories in addition to the 26 from its initial claim for a grand total of $489,567.65 (R4, tab 42 at 361, 372).

The CO issued a final decision (COFD) on November 4, 2022, denying CB Portable's claim (R4, tab 1). CB Portable appealed the COFD to the Board, and on August 16, 2023, the Board sustained the appeal. *CB Portable I*, 23-1 BCA ¶ 38,421 at 186,716-17. CB Portable submitted a request for reimbursement of attorney fees and expenses totaling $185,500 pursuant to the EAJA on April 20, 2024. By Order dated August 2, 2024, the Board denied CB Portable's EAJA request as premature because the quantum phase of the appeal was still pending and advised CB Portable that "[i]f appellant subsequently qualifies as a prevailing party otherwise eligible under the EAJA, appellant may file a proper application" (Bd. Order dtd. August 2, 2024).

On August 26, 2024, after the quantum phase of the proceedings, the Board awarded CB Portable $16,150 plus interest. *CB Portable II*, 24-1 BCA ¶ 38,664 at 187,952. Mr. Onyems, appealed to the United States Court of Appeals for the Federal Circuit in his own personal capacity on August 29, 2024 (answer ¶ 41). The Federal Circuit dismissed Mr. Onyems' appeal for lack of jurisdiction on June 6, 2025, finding that he was not a "contractor" within the meaning of the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. *Onyems v. Dep't of the Navy*, 2025 WL 1603783 at *3 (Fed. Cir. June 6, 2025). The Federal Circuit denied Mr. Onyems' subsequent petition for a panel rehearing on June 30, 2025 (Fed. Cir. Order dtd. June 30, 2025). On August 1, 2025, Mr. Onyems submitted an "Invoice for EAJA" to the Board seeking a total of $361,975.37 for various litigation fees allegedly incurred during the course of CB Portable's appeal (app. EAJA invoice). Mr. Onyems is not an attorney and has represented CB Portable pro se throughout its appeals.

DECISION

Addendum 1 to the Board's Rules, Equal Access to Justice Act Procedures, implements the EAJA's statutory requirements and the Board's procedures pertaining to EAJA proceedings. "The Board shall award fees and other expenses incurred by a qualified prevailing party unless it concludes that the agency's position was substantially justified or that special circumstances make an award unjust." *Michael M. Tsontos, S.A.*, ASBCA No. 63595-EAJA, 25-1 BCA ¶ 38,858 at 189,074; 5 U.S.C. § 504(a)(1). The EAJA, as a partial waiver of sovereign immunity, is to be strictly construed in favor of the government. *Ardestani v. Immigr. & Naturalization Serv.*, 502 U.S. 129, 137 (1991); *Michael M. Tsontos*, 25-1 BCA ¶ 38,858 at 189,074.

The purpose of the EAJA is to "provide eligible litigants with more access to adjudicative bodies by removing the obstacles of attorney's fees and expenses."

*Union Precision & Eng'g*, ASBCA No. 37549, 93-1 BCA ¶ 25,337 at 126,235. "A party seeking an award of fees and other expenses" under the EAJA "shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that *the party is a prevailing party and is eligible to receive an award under this section*, and the amount sought, including an itemized statement from any attorney, agent, or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 5 U.S.C. § 504(a)(2) (emphasis added). "This 30-day period is a jurisdictional prerequisite and begins to run when the adjudicative decision may no longer be appealed." *States Roofing Corp.*, ASBCA No. 55505, 11-1 BCA ¶ 34,668 at 170,776.

First, we note that Mr. Onyems' petition was submitted in his own personal capacity; in fact, neither the document nor the email sent to the Board with the invoice make any mention whatsoever of CB Portable. The invoice only includes Mr. Onyems' name, signature, and what appears to be a personal address different from CB Portable's business address identified in the contract (*see* R4, tab 9 at 106; app. EAJA invoice). Mr. Onyems has failed to show that he personally is "a prevailing party and is eligible to receive an award" under the EAJA. 5 U.S.C § 504(a)(2). Also, Mr. Onyems is not an attorney and CB Portable was a pro se litigant. Without evidence that an attorney incurred fees and expenses under EAJA, fees for legal work are not recoverable. *Union Precision & Eng'g*, ASBCA No. 37549, 93- 1 BCA ¶ 25,337 at 126,235. Accordingly, his application is denied. *See Application Under the Equal Access to Justice Act of Lasmer Indus., Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123.

Second, even if the application is more properly construed to be from CB Portable, it is untimely and we lack jurisdiction. The Federal Circuit's dismissal of Mr. Onyems' attempted appeal dictates that Mr. Onyems filed the appeal in his personal capacity. CB Portable never appealed to the Federal Circuit. *Onyems*, 2025 WL 1603783 at *2. Thus, CB Portable's timeframe to submit an EAJA application to the Board expired on January 23, 2025—30 days following expiration of the 120-day window CB Portable had to appeal from the Board's quantum decision to the Federal Circuit. *See* 41 U.S.C. § 7107(a)(1)(A) (a contractor has 120 days to appeal a decision of an agency board to the Federal Circuit). Mr. Onyems submitted the EAJA request on August 1, 2025; therefore, it is untimely. 5 U.S.C § 504(a)(2). Because the Board lacks jurisdiction to consider the untimely application if it is from CB Portable, it is dismissed for lack of jurisdiction. *Radar Devices, Inc.*, ASBCA No. 43912, 01-1 BCA ¶ 31,322 at 154,712.

3

<u>CONCLUSION</u>

For the foregoing reasons, Mr. Onyems' application is denied. To the extent the application is from CB Portable, it is dismissed for lack of jurisdiction.

Dated: March 10, 2026

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63449-EAJA, Appeal of Mr. Chizoma Onyems, rendered in conformance with the Board's Charter.

Dated: March 10, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4